## IN THE MATTER OF JOHN GORRY.

*Commitment of insane persons — a justice of the Supreme Court may approve the physicians' certificates — chap. 446 of 1874.*

Chapter 446 of 1874, regulating the commitment of the insane, provides, in section 1, that "no person shall be committed to or confined as a patient in any asylum, public or private, or in any institution, home or retreat for the care and treatment of the insane, * * * for more than five days," unless within that time a certificate of two physicians setting forth the insanity of such person "be approved by a judge or justice of a court of record of the county or district in which the alleged lunatic resides."

*Held*, that it was evident that the legislature intended by this language to confer the power to approve the certificate of the physicians upon the justices of the Supreme Court, as there were no other judicial officers of courts of record who had jurisdiction extending over the State, and who were elected in particular districts, to whom this language could apply.

APPEAL from an order made at Special Term dismissing a writ of *habeas corpus*.

John Gorry, being confined in the Wards Island Insane Asylum as an alleged lunatic, one Michael Butler, on August 30, 1887, claiming in his petition that Gorry was unlawfully confined, obtained

a writ of *habeas corpus* directed to the respondent, returnable on September 1, 1887, before the Supreme Court of New York. The relator on the return claimed that the papers under which Gorry was held were insufficient and illegal for the reasons that, 1. It did not appear therefrom that George C. Barrett, before whom the physicians' affidavits were sworn to, was a judge of a Court of Record of the county or district in which the alleged lunatic resided. 2. That the Supreme Court of New York had no jurisdiction, under the act of 1874, to commit a person as an alleged lunatic, and had only jurisdiction, on appeal from other courts, of proceedings under that act.

*A. P. Wagner*, for the appellant.

*W. L. Turner*, for the respondent.

PER CURIAM:

The statute, chapter 446 of the Laws of 1874, regulating commitments of the insane, gives the authority to a justice of a Court of Record of the district in which the lunatic resides, to approve of the certificate of the physicians setting forth the insanity of the person to be committed.

It is evident that the legislature intended by this language to confer this power upon justices of the Supreme Court, because there were no other judicial officers of Courts of Record who had jurisdiction extending over the State and who were elected in particular districts, and to whom this language could apply.

The learned justice before whom this proceeding was conducted was undoubtedly right in saying that the court will take judicial notice that George C. Barrett, before whom the affidavit was made, was a Justice of the Supreme Court of the State of New York.

The order appealed from should therefore be affirmed, without costs.

Present — VAN BRUNT, P. J., BRADY and DANIELS, JJ.

Order affirmed, without costs.